UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROLANDO FAISTMAN ROYCE,

                    Plaintiff,                  **REPORT & RECOMMENDATION**
                                                  **20 CV 2174 (PKC)(LB)**

      -against-

SUNNY'S LIMOUSINE SERVICE, INC.,
SHAFQAT CHAUDHRY, GERRY LUQMAN,
RAY REHMAN, ADAM MIAN, JOHN DOE# 1,
*Mr. Will-Dispatcher*, and JOHN DOE# 2,

                   Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff commenced this *pro se* Fair Labor Standards Act case on May 11, 2020 against a

corporation and multiple individual defendants.[1] ECF No. 1. On June 26, 2020, the Court

notified plaintiff that he was required to serve defendants with the summons and complaint by

September 24, 2020 pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 7. Federal Rule

of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on
> motion or on its own after notice to the plaintiff – must dismiss the action without
> prejudice against that defendant or order that service be made within a specified time. But
> if the plaintiff shows good cause for the failure, the court must extend the time for service
> for an appropriate period.

Plaintiff filed several affidavits of service in response to the Court's June 26, 2020 Order. ECF

No. 8. However, as explained in the Court's March 31, 2021 Order, plaintiff's initial attempts at

service were all improper. See ECF No. 10.

      In light of plaintiff's *pro se* status, the Court gave plaintiff more time and an additional

opportunity to properly serve the defendants in this matter. Id. The Court's Order explained that

---

[1] Although plaintiff proceeds *pro se*, he paid the filing fee to commence this action and therefore is responsible for
service of process on defendants.

service must conform with Federal Rule of Civil Procedure 4(e) or New York's service provisions. Id. Plaintiff was warned that if he failed to provide proof of proper service by May 17, 2021 or show good cause why such service was not effected by that date, I would recommend that the Court should dismiss this action without prejudice. Id.

As the Court stated in its prior Order, the Federal Rules of Civil Procedure provide that service may be made on an individual by: following state procedures for service of a summons; delivering the summons and complaint to the individual to be served; leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy to an authorized agent. FED. R. CIV. P. 4(e). Service may be made on a corporation in the same manner described above for serving an individual or by delivering the summons and complaint to an appropriate representative of the corporation and then mailing a copy to the corporation. Id. 4(h).

New York's provisions for service on an individual are contained in C.P.L.R. § 308. Under C.P.L.R. § 308, in pertinent part, service may be made by personally delivering the summons to the defendant or by:

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential…."

N.Y. C.P.L.R. § 308(1)-(2).

Plaintiff filed several affidavits of service dated May 13, 2021 regarding his further attempts to serve defendants in this case. ECF No. 12. In addition to various other notations, most of the affidavits state in substance: "Local location closed due to Covid-19. Called 800 number and was told 'they pick up mail once a week at flushing location.'" See id.

Although plaintiff attempted to serve defendants, his attempts were all improper. Plaintiff's affidavits of service all fail to name the defendant to whom they pertain, leaving the Court to speculate about who plaintiff purportedly served with process.[2] Several of the affidavits are incomplete and missing the names of the individuals upon whom service was purportedly made. On several of the affidavits the process server confusingly checked off multiple boxes corresponding to different forms of service. Also, despite the Court's prior admonition, plaintiff appears to have once again attempted to serve two "John Doe" defendants.[3] See ECF No. 12, at 2, 4. Simply put, plaintiff has failed to file proof of proper service on defendants. See Dunham v. Town of Riverhead, No. 19-CV-3289(DLI)(CLP), 2020 WL 5820157, at *3 (E.D.N.Y. Sept. 30, 2020) (explaining that the numerous errors in an affirmation of service undermined the affiant's credibility).

Plaintiff was given two opportunities and additional time to properly serve the defendants in this matter. The Court's prior order set forth the rules for proper service. Despite the Court's warning and direction, plaintiff has failed to file proof of proper service. Accordingly, I recommend that the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be

---

[2] On the top of the "Proof of Service" form, plaintiff is supposed to list defendant's name. Plaintiff fails to list any defendant's name on the forms. ECF No. 12.

[3] The Court's March 31, 2021 Order stated that "Plaintiff must ascertain the identity of these [John Doe] defendants and then serve them with process." Mar. 31, 2021 Order, at 1 n.1, ECF No. 10.

filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  <u>Marcella v. Capital Dist. Physicians' Health Plan, Inc.</u>, 293 F.3d 42, 46 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

＿＿＿＿＿＿＿＿/S/＿＿＿＿＿＿＿＿
LOIS BLOOM
United States Magistrate Judge

Dated: June 8, 2021
　　　Brooklyn, New York