UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ROLANDO FAISTMAN ROYCE,

                Plaintiff,

     - against -

SUNNY'S LIMOUSINE SERVICE, INC.,
SHAFQAT CHAUDHRY, GERRY LUQMAN,
RAY REHMAN, ADAM MIAN, JOHN DOE
#1, Mr. Will-Dispatcher, and JOHN DOE(S)
#2, Other Employees Not Presently Known,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2174 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On June 8, 2021, Judge Lois Bloom issued a *sua sponte* Report and Recommendation ("R&R") in this case recommending that the Court dismiss without prejudice the Complaint of Plaintiff Rolando Faistman Royce because Plaintiff failed to file proof of proper service on Defendants Sunny's Limousine Service, Inc. ("Sunny's"), Shafqat Chaudhry, Gerry Luqman, Ray Rehman, Adam Mian, and two John Doe defendants (collectively, "Defendants"). For the reasons below, the Court adopts the R&R's conclusion that the affidavits of service are improper. Defendants Sunny's, Luqman, Rehman, Mian, and the two John Doe defendants therefore are dismissed. Plaintiff may, however, submit a corrected affidavit of service by September 24, 2021, with respect to Defendant Chaudhry, whom Plaintiff alleges was personally served, but whose name does not appear on the appropriate line in the affidavit of service.

## BACKGROUND

Plaintiff commenced this *pro se* Fair Labor Standards Act case against Defendants on May 11, 2020. (*See* Complaint ("Compl."), Dkt. 1.) Although Plaintiff is proceeding *pro se*, he paid

1

the filing fee to commence this action and therefore is responsible for serving process on Defendants.  (*See* Dkt. 5.)

On June 26, 2020, Judge Bloom issued an order notifying Plaintiff that he had 90 days (until September 24, 2020) to serve summonses and the Complaint on Defendants and to file proof of service.  (*See* 6/26/2020 Docket Order.)  Plaintiff filed affidavits purportedly reflecting service of Defendants.  (*See* Dkt. 8.)  Each affidavit said that the process-server had "[t]ried to serve [Defendants] at [Defendants' business address] on Aug[ust] 6, 2020," but had "found the office closed" and instead mailed process on September 2, 2020.  (*See id.*; *see also* Dkt. 10, at 1.)

On March 31, 2021, Judge Bloom issued an order noting that "Plaintiff's attempts to serve [D]efendants with process in this case [we]re all improper."  (Dkt. 10, at 2.)  Judge Bloom explained that "[a]lthough [P]laintiff's affidavits of service state that process was mailed to each [D]efendant, this [wa]s insufficient" because Plaintiff failed to leave process "with a person of suitable age and discretion at each [D]efendant's 'actual place of business, dwelling place or usual place of abode.'"  (*Id.* at 3 (quoting N.Y. C.P.L.R. § 308(2).)  Judge Bloom ordered that "[i]n light of [P]laintiff's *pro se* status, the Court [would] give [P]laintiff one last opportunity to properly serve [D]efendants," but that "[i]f proof of proper service upon [] [D]efendants [were not] filed by May 17, 2021, or if [P]laintiff fail[ed] to show good cause why such service ha[d] not been effected by that date, [Judge Bloom would] recommend that the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m)."  (*Id.*)  Judge Bloom also noted that "Plaintiff ha[d] named two John Doe defendants," but that "Plaintiff cannot serve a John Doe," and therefore was required to "ascertain the identity of these defendants and then serve them with process."  (*Id.* at 1 n.1.)

In response to Judge Bloom's Order, Plaintiff filed additional affidavits dated May 13, 2021, purportedly reflecting service on Defendants.  (Dkt. 12.)  On June 8, 2021, Judge Bloom issued the R&R, *sua sponte*, "recommend[ing] that the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m)."  (R&R, Dkt. 13, at 3.)  Judge Bloom explained:

> Although [P]laintiff attempted to serve [D]efendants, his attempts were all improper. Plaintiff's affidavits of service all fail to name the defendant to whom they pertain, leaving the Court to speculate about who [P]laintiff purportedly served with process. Several of the affidavits are incomplete and missing the names of the individuals upon whom service was purportedly made. On several of the affidavits the process server confusingly checked off multiple boxes corresponding to different forms of service. Also, despite the Court's prior admonition, [P]laintiff appears to have once again attempted to serve two "John Doe" defendants. Simply put, [P]laintiff [] failed to file proof of proper service on [D]efendants.

(*Id.* (citations and footnotes omitted).)  Judge Bloom also noted that "[o]n the top of the 'Proof of Service' form, [P]laintiff [wa]s supposed to list [D]efendant's name," but that "Plaintiff fail[ed] to list any [D]efendant's name on the forms."  (*Id.* at 3 n.2.)  On June 29, 2021, the Court received Plaintiff's objection to the R&R.  (Objection, Dkt. 14.)

## LEGAL STANDARD

When considering a magistrate judge's report and recommendation on an issue that is dispositive of a party's claim or defense, as here, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I.  Federal Rule of Civil Procedure 4(e)

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by:" (1) "following state law for serving a summons"; (2) "delivering a copy of the summons and of the complaint to the individual personally;" (3) "leaving a copy of

3

each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Under Section 308 of New York Civil Practice Law and Rules, "[p]ersonal service upon a natural person shall be made by" "delivering the summons within the state to":

(1) "the person to be served";

(2) a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential"; or

(3) "the agent for service of the person to be served as designated under rule 318."

N.Y. C.P.L.R. § 308(1)–(3).

"[W]here service" to the individual defendant or a person of suitable age and discretion "cannot be made with due diligence," service may be effected

by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" . . . .

*Id.* ¶ 4.

Service may be made "upon any domestic or foreign corporation" by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." *Id.* § 311(a)(1).

"Rule 4 of the Federal Rules requires that proof of service must be made by the process server's affidavit, unless service is effected by the United States Marshals." *JCJ Marketer Corp. v. Tierra Nueva Organic, Inc.*, No. 09-CV-1487 (NGG), 2010 WL 1292713, at *3 (E.D.N.Y. Mar.

31, 2010) (citing Fed. R. Civ. P. 4(l)(1)). "[T]he plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *accord DeMott v. Bacilious*, No. 11-CV-6966 (PAE), 2012 WL 601074, at *5 (S.D.N.Y. Feb. 24, 2012) ("[T]he burden is on [a] plaintiff to establish service affirmatively.").

"Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3). "[A] request under Rule 4(l) for permission to amend the proof of service, rather than the process itself, rarely should be refused." *Dezonie v. Asset Prot. & Sec., Inc.*, No. 08-CV-11261 (HB), 2009 WL 1873527, at *5 (S.D.N.Y. June 30, 2009) (citations and quotations omitted); *see also* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Amendment of Proof of Service § 1132 (4th ed., Apr. 2021 update) ("A request under Rule 4(l) for permission to amend the proof of service, as opposed to the process itself, rarely should be refused.").

### I.   Plaintiff's Affidavits of Service Fail to Show that Plaintiff Has Satisfied the Requirements of Rule 4(e)

Plaintiff's affidavits purportedly reflecting service of process do not sufficiently indicate that service was delivered "to [Defendants] personally" or "an agent authorized by appointment or by law to receive service of process," that service was left at each Defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," *see* Fed. R. Civ. P. 4(e)(2), or that service was made "following state law for serving a summons"; in this case, N.Y. C.P.L.R. § 308, *see id.* 4(e)(1). As the R&R notes, all seven of Plaintiff's purported affidavits of service[1] are defective. None of the affidavits provide a name of the purportedly-served defendant

---

[1] The Court identifies the seven affidavits based on the order in which they were filed. (Dkt. 12.)

on the line designated for the name of the party to be served. (*See* Dkt. 12, at ECF[2] 2–8.) Each affidavit also is improper in other respects.

### A. First Affidavit of Service

The first affidavit (Dkt. 12, at ECF 2) indicates that the process server "left the summons at the individual's residence or usual place of abode," but leaves blank the line for the name of the purported recipient "of suitable age and discretion who resides there" (*id.*). The affidavit then indicates that the process server "served the summons on [an agent] designated by law to accept service of process on behalf of Sunny's Limousine," but leaves blank the name of the alleged agent. (*Id.*) Finally, the affidavit indicates service through "other" means, and says: "Local location closed due to COVID-19[.] Called 800 number and was told 'they pick up mail once a week' at Flushing location." (*Id.*) In the margin, the affidavit says: "Mailed to John Doe # 2," and lists the addresses of Sunny's. (*Id.*; *see also* Compl., Dkt. 1, at ECF 1–2.)

Plaintiff argues in his objection to the R&R that he should be entitled to discovery to determine the names of the John Doe defendants. (*See* Objection, Dkt. 14, at ECF 12–13.) But Plaintiff's affidavit reflects that he is aware of the business address for the John Doe #2 Defendant, and that the process server merely failed to leave process with a "person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served." N.Y. C.P.L.R. § 308(2). This affidavit thus fails to reflect proper service of any Defendant.

---

[2] "ECF" refers to the pagination generated by the court's CM/ECF docketing system and not the document's internal pagination.

### B.     Second Affidavit of Service

The second affidavit (Dkt. 12, at ECF 3) indicates that the process server "left the summons at the individual's residence or usual place of abode," but leaves blank the line for the name of the purported recipient "of suitable age and discretion who resides there" (*id.*). The affidavit then indicates that the process server "served the summons on [an agent] designated by law to accept service," but leaves blank the name of the alleged agent and the organization the alleged agent represents. (*Id.*) Finally, the affidavit indicates service through "other" means, and says: "Local location closed due to COVID-19[.] Called 800 number and was told 'they pick up mail once a week' at Flushing location." (*Id.*) In the margin, it says: "Mailed [to] Sunny Limousine Services," and lists an address. (*Id.*) This is insufficient under Rule 4(e)(2), as well as N.Y. C.P.L.R. § 308(2), which requires not only that the complaint and summons be mailed, but also that the process server leave the complaint and summons with "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served." N.Y. C.P.L.R. § 308(2).

Plaintiff argues in his objection that the second affidavit proves proper service on Defendant Sunny's. (*See* Objection, Dkt. 14, at ECF 11–12.) But the affidavit does not list Defendant Sunny's at the top of the page where required, and it indicates below that it was served "at the *individual's residence* or usual place of abode," belying the notion that it was directed to Sunny's as a corporation. Although the affidavit lists in the margin that it was mailed to "Sunny's Limousine Services," this does not clarify that it was intended as service of Sunny's itself rather than another Defendant who works at Sunny's. Further, even if the affidavit clearly referenced Sunny's in its corporate capacity, it does not specify an "agent authorized by appointment or by law to receive service" on whom process was served. *See* N.Y. C.P.L.R. § 311(a)(1).

Plaintiff also contends that Defendant Chaudhry received service and therefore that Sunny's was properly served because Defendant Chaudhry is chief executive officer of Sunny's. (Objection, Dkt. 14, at ECF 11.) But the affidavit Plaintiff argues reflects service of Sunny's does not list Defendant Chaudhry as having accepted service on behalf of Sunny's. This affidavit thus fails to reflect proper service of any Defendant.

### C. Third Affidavit of Service

The third affidavit (Dkt. 12, at ECF 4) indicates that the process server "left the summons at the individual's residence or usual place of abode," but leaves blank the line for the name of the purported recipient "of suitable age and discretion who resides there" (*id.*). In the margin, the affidavit says: "Mailed to: Mr. Will John Doe #1 c/o Sunny Limo," and lists two addresses of Sunny's. (*Id.*; *see also* Compl., Dkt. 1, at ECF 1–2.)

As noted, Plaintiff contends that he is entitled to discovery with respect to the John Doe defendants. (*See* Objection, Dkt. 14, at ECF 12–13.) But, again, Plaintiff's affidavit reflects that he is aware of the business address for the John Doe #1 Defendant. The problem is that the process server failed to leave process with "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served." N.Y. C.P.L.R. § 308(2). This affidavit thus fails to reflect proper service of any Defendant.

### D. Fourth Affidavit of Service

The fourth affidavit (Dkt. 12, at ECF 5) indicates that the process server "left the summons at the individual's residence or usual place of abode," but leaves blank the line for the name of the purported recipient "of suitable age and discretion who resides there" (*id.*). Below, the affidavit says: "Mailed second copy to last known business address which was closed due to COVID-19." (*Id.*) In the margin, it says: "Called 800 number and was told 'mail is picked up once a week' at Flushing location." (*Id.*) In the margin is also written, "Gerry Luqman," and two addresses. (*Id.*)

8

Plaintiff argues in his objection that "[o]ne copy was properly mailed first class . . . to [Defendant Luqman's] home and a second copy to the local office address," and thus that "the requirements of the law were met." (Objection, Dkt. 14, at ECF 9.) Plaintiff also contends that "[t]here was [] proper personal service to the president of the company [Defendant] Choudhry [sic] at Elite Limousine," and that "[Defendant] Choudhry [sic] certainly qualifies as a person of 'suitable age and discretion at the actual place of business.'" (*Id.* (emphasis omitted).)

But, as noted, the affidavit of service leaves blank the line for the name of the purported recipient "of suitable age and discretion who" allegedly received service. (Dkt. 12, at ECF 5.) Even if service was mailed to Defendant Luqman, therefore, there is no indication that a summons addressed to Defendant Luqman was left with "a person of suitable age and discretion at the actual place of business," as required by N.Y. C.P.L.R. § 308(2). Nor is service on Defendant Chaudhry, even if proper, sufficient to effect service on Defendant Luqman. *Cf. Vazquez v. Parks*, No. 02-CV-1735 (LAK) (HBP), 2003 WL 1442087, at *7 (S.D.N.Y. Feb. 4, 2003) ("[The] plaintiff seems to be arguing that service on one defendant of process that refers to the other defendants, somehow, is sufficient as to all. [The] [p]laintiff's theory simply has no basis in law and must be rejected."), *aff'd*, 101 F. App'x 365 (2d Cir. 2004). This affidavit thus fails to reflect proper service of any Defendant.

### E. Fifth Affidavit of Service

The fifth affidavit (Dkt. 12, at ECF 6) indicates that the process server "personally served the summons on the individual at 32-72 Gale Ave[.,] Long Island City" (*id.*). It also says that the process server "served the summons on Elite Limousine + Office, who is designated by law to accept service of process on behalf of Shaquat Choudhry [sic]," and that process was "served at [the] front desk with [an] attendant [who] said 'Mr. Choudhry [sic]' will be here tomorrow.'" (*Id.*)

9

Finally, the affidavit says in the margin: "Also mailed a copy of the summons to: 53-17 Macwood Dr.[,] Woodbridge Va. 22193-4438." (*Id.*)

In his objection, Plaintiff argues that this affidavit reflects proper service on Defendant Chaudhry. (Objection, Dkt. 14, at ECF 4–8.) He contends that "[D]efendant's name is in fact clearly written next to the checked box" in the section reserved for service on organizations. (*Id.* at ECF 5.) But the affidavit fails to clarify that it was properly served on Defendant Chaudhry. Although the affidavit indicates that the process server "personally served the summons on the individual at 32-72 Gale Ave[.,] Long Island City," it does not list Defendant Chaudhry as the "individual." (Dkt. 12, at ECF 6.) Rather, it mentions Defendant Chaudhry only as the "organization" on behalf of which "Elite Limousine + Office" accepted service. (*Id.*) And although the affidavit notes that the "attendant" at the front desk said, "Mr. Chaudhry will be here tomorrow," this note does not clarify that Defendant Chaudhry was the "individual" referenced above, who allegedly was personally served.[3] Further, the margin note that "a copy of the summons" also was mailed "to: 53-17 Macwood Dr.[,] Woodbridge Va. 22193-4438" further casts doubt on whether the individual allegedly served at "32-72 Gale Ave[,] Long Island City" was Defendant Chaudhry, especially given that the Complaint lists Defendant Chaudhry's address as "23765 Pebble Run Place[,] Sterling, Virginia 20166." (Compl., Dkt. 1, at ECF 1); *cf. Joe Hand Promotions, Inc. v. Devlin*, No. 12-CV-3831 (RRM) (SMG), 2014 WL 1092840, at *2 (E.D.N.Y. Mar. 17, 2014) (finding that "multiple discrepancies related to service wholly undermine[d] the veracity of the affidavits, and, standing alone, provide[d] ample reason to" find "lack of proper service").

---

[3] Indeed, the front desk attendant's statement that "Mr. Choudhry [sic] will be here tomorrow" suggests that Defendant Chaudhry was not that "individual."

10

With respect to the affidavit's assertion that process was left with an "attendant" at the "front desk" who said "Mr. Choudhry [sic] will be here tomorrow," the affidavit does not clarify (1) who the attendant was, or (2) whether the "front desk" was at "the actual place of business, dwelling place or usual place of abode of [Defendant Chaudhry]." N.Y. C.P.L.R. § 308(2); *cf. Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13-CV-4590 (JS) (GRB), 2014 WL 4536911, at *5 (E.D.N.Y. Sept. 11, 2014) (finding service by way of the defendant's alleged employee improper because although the alleged employee "might [have] be[en] an authorized recipient for process[,] she could also [have] be[en] an unauthorized employee of defendant, an employee of another entity, an interloper, or a mere passerby"); *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *8 (E.D.N.Y. Feb. 14, 2014) (finding service improper where "[t]he record [did] not show whether [the recipient] told [the server] he was authorized to accept service or [the server] decided [the recipient] was authorized on some other basis"), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014). To the extent the Court could infer that "the desk" was at a company called "Elite Limousine + Office," that entity is not listed in the Complaint, which specifies Defendant Chaudhry's principal place of business as "Sunny's Limousine Services," located at "23765 Pebble Run Place[,] Sterling, Virginia 20166 as well as 88-43 76th Avenue[,] Flushing, New York 11385." (Compl., Dkt. 1, at ECF 4.)[4]  This affidavit thus is defective.

---

[4] Although Plaintiff argues in his objection to the R&R that his "investigation as to [Defendant] Choudhry's [sic] whereabouts revealed that [Elite Limousine] is one of his current offices and that he is accepting mail at this location" (Objection, Dkt. 14, at ECF 5), the affidavit of service does not clarify that this is the case.

11

### F. Sixth and Seventh Affidavits of Service

The sixth affidavit (Dkt. 12, at ECF 7) indicates that the process server "left the summons at the individual's residence or usual place of abode," but leaves blank the line for the name of the purported recipient "of suitable age and discretion who resides there" (*id.*) Below, the affidavit indicates service through "other" means, and says: "Called 800 number and they said 'mail is picked up once a week' at Flushing location." (*Id.*) In the margin is also written, "Mailed to Ray Rehman," two addresses of Sunny's, and the words "closed due to COVID-19." (*Id.*; *see also* Compl., Dkt. 1, at ECF 1–2.)

The seventh affidavit (Dkt. 12, at ECF 8) indicates that the process server "left the summons at the individual's residence or usual place of abode," but leaves blank the line for the name of the purported recipient "of suitable age and discretion who resides there" (*id.*). Below, the affidavit indicates service through "other" means, and says: "Called 800 number and they told [illegible word] 'mail is picked up once a week' at Flushing location." (*Id.*) In the margin is also written, "Mailed to: Adam Mian," two addresses of Sunny's, and the words "closed due to COVID-19." (*Id.*; *see also* Compl., Dkt. 1, at ECF 1–2.)

Plaintiff argues in his objection to the R&R that he was unable to "turn up any home addresses for [Defendants Rehman and Mian]," which he speculates is because "their names sound too American to be their real names." (Objection, Dkt. 14, at ECF 10.) He contends that, instead, "the complaint was mailed by first class mail in a sealed envelope marked 'personal and confidential' to their most recent office addresses," and that "[Defendant] Choudhry [sic] certainly qualifies as a person of 'suitable age and discretion at the actual place of business' and would be in a position to inform these defendants that they have been named in these proceedings." (*Id.* (emphasis omitted).)

12

But, as noted, service on Defendant Chaudhry, even if proper, is insufficient to effect service on Defendants Rehman or Mian. *Cf. Vazquez*, 2003 WL 1442087, at *7. The sixth and seventh affidavits thus do not indicate that service was made on "a person of suitable age and discretion at [Defendants'] actual place of business." N.Y. C.P.L.R. § 308(2). Nor do Plaintiff's affidavits suggest a process server "affix[ed] the summons to the door of either the actual place of business, dwelling place or usual place of abode," such that Plaintiff could proceed on a theory that service "[could not] be made with due diligence." *Id.* § 308(4). Finally, as noted, the affidavits Plaintiff claims reflect service on Defendants Rehman and Mian do not list either Defendant's name on the line reserved for the name of the individual served. These two affidavits thus do not show proper service on any Defendant.

## II. Plaintiff May Amend the Fifth Affidavit

With respect to the fifth affidavit, which purportedly pertains to Defendant Chaudhry, Plaintiff admits that the line reserved for the defendant's name is blank. (*See* Objection, Dkt. 14, at ECF 8.) He asks that the Court allow him to amend this affidavit of service to include Defendant Chaudhry's name. (*See id.*) Because this affidavit asserts that the individual was personally served, the absence of the individual's name appears to be a "[f]ailure to prove service" as opposed to "the validity of service" itself. Fed. R. Civ. P. 4(l)(3). The Court therefore will give Plaintiff the opportunity to submit an amended affidavit of service for Defendant Chaudhry, if it can be truthfully and accurately amended to indicate that Defendant Chaudhry was the individual who was personally served on May 13, 2021.[5]

---

[5] As noted, the front desk attendant's statement reported in the fifth affidavit, that Defendant Chaudhry "would be there tomorrow," could be interpreted as indicating that Chaudhry was not the "individual" personally served on May 13, 2021. However, the affidavit also could be interpreted as indicating that Chaudhry was served in person that day *and* that the server left the affidavit with someone at "the desk" who said that Chaudhry would "be there tomorrow." In light of this ambiguity and Plaintiff's pro se status, the Court will permit Plaintiff, out of an abundance

13

# CONCLUSION

Based on its *de novo* review, the Court adopts the R&R's conclusion that the affidavits of service are improper. Defendants Sunny's, Luqman, Rehman, Mian, and the John Does thus are dismissed without prejudice for failure to properly serve the summons and Complaint. Because Plaintiff contends that the individual allegedly personally served in the fifth affidavit, on May 13, 2021, was Defendant Chaudhry, Plaintiff may submit, by September 24, 2021, a corrected affidavit insofar as the correction is true and accurate.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 2, 2021
       Brooklyn, New York

---

of caution, the opportunity to amend the fifth affidavit to clarify, if accurate, that Chaudhry was physically present and personally served at 32-72 Gale Ave., Long Island City, on May 13, 2021.
    Plaintiff makes similar amendment requests with respect to the other affidavits. But, as explained, the other affidavits do not allege personal service, and each shows that service itself was improper under the federal and state rules. The Court therefore declines Plaintiff's request to amend these affidavits.